Mr. Chief Justice ShaRKey
delivered the opinion of the court.
The complainant, as the administrator de bonis non of Johnson Silverberg, filed his petition in the probate court of Madison county, against Searles, as former administrator, and against Moore, to whom Searles had made an assignment of various choses in action in trust, for the benefit of creditors. Silver-berg, in his life-time, it seems, was a member of two mercantile firms, one of which consisted of Silverberg and Charles J. Searles, under the name of J. Silverberg & Co. and thé other consisted of Silverberg and Yanderherst, under the name of M. Yanderherst & Co., both of which were dissolved during the life-t.ime'of Silverberg. The petition charges that the'merchandise of Silverberg & Co. was purchased by Searles & Yander-herst, who gave their notes for about forty thousand dollars to Silverberg individually, who agreed to pay all the debts of the firm, and was to have the effects.1 After the death of Silver-berg, Searles and Yanderherst administered. Yanderherst subsequently died, and Searles resigned his letters. The bill charges Searles with using the notes and accounts due Silver-berg & Co. and M. Yanderherst & Co., and Silverberg individually, and of having assigned them away to Moore, in trust, notwithstanding the agreement made when the firm was dissolved, and it seeks a discovery of the amount and character of the debts, and also of what disposition has been made of the notes given by Searles & Yanderherst on the purchase of the stock of goods, The bill also prayed an injunction, which was granted by the probate judge.
Searles, in his answer, admits the existence of the pártnership and the dissolution, but insists that Silverberg failed to *39 comply with his agreement to pay the debts, many of which he has been compelled to arrange and 'settle since Silverberg;s death. He denies that the notes given by himself and Vander-herst for the goods purchased of Silverberg & Co., were given to Silverberg individually, but to Silverberg for the use of the firm, which notes were entered on the books of Silverberg & Co. as bills receivable. .Heavers that the assignment was made for the benefit of the creditors of the several firms, and claims a right to assign for the purposes mentioned, as surviving partner of the several firms; but he denies having assigned any of the notes of Vanderherst & Co., of which he was not a member, or of Silverberg individually. And it is also averred that by the assignment the proper debts of the several firms were to be paid out of amounts due them respectively. Respondent admits that he holds some notes given to him as the administrator, but avers that they have been accounted for in his final settlement, and discloses the amounts and dates of the notes given on the purchase of the stock of goods of Silverberg & Co.
Moore, in his answer, admits the assignment, but denies that any of the choses in action belonged to the estate of Silver-berg, or that he has any such in his possession; and avers that the assignment was made in good faith, and that he has so acted.
The respondents moved to dismiss the bill, which the court refused to do, whereupon they moved to dissolve the injunction, which the court decided should be done, unless the complainant would enter into bond, with sufficient security, by the May term of the court. •
The complainant brings up the appeal from several decisions of the court made during the progress of' th'e cause. First, from an order overruling a motion to require Searles to render a statement of the.effects of Silverberg & Co., and to amend his answer. Second; an order made, overruling a motion for a rehearing on the order dissolving the injunction, and in refusing to reinstate the same; and also to a refusal to sustain exceptions to the answer of Searles.
As to the orders of the court in reference to the injunction, *40 there is no error, for the court had no power whatever to grant.it in the first place, and of course it did not err in- dissolving an injunction which it had improvidently granted. Injunctions are peculiarly matters of chancery cognizance. Power to grant them has not been given to the probate courts, and they do not therefore possess it.
The exceptions to the answer were overruled at the April term, 1843, and the motion for a rehearing was made at the June term following, which was too late, and the motion was consequently properly overruled.
■ There is but one other question presented by the appeal, and that is the decision overruling the motion to require Searles to file a statement of the effects of Silverberg <fc Co. If this proceeding was intended >to be against Searles as administrator, then the application, provided it. were a proper one for the action of the court, is fully met by the answer of Searles, who states that he had made a final settlement of his administration, and had fully accounted for everything received by him. He also flatly denies having anything in possession belonging to the' estate of Silverberg, claiming to hold the partnership effects as survivor for the purpose of paying the debts of the firm, which he has a right to do. If, on the other hand, it was intended to be a proceeding against him as surviving partner, then it is difficult to perceive how the probate court could exercise jurisdiction. Partnership effects are assets, it is true, which the administrator has a Tight to administer. But as they are first liable for partnership debts, the 'administrator can only have the surplus. All actions survive to the surviving partner, who has a right to hold the choses in action for the purpose of collecting and applying the proceeds. He becomes liable to the administrator for any surplus, but the administrator’s rémedy is not in the probate court. Either an action of account, or a bill in chancery would seem to be more appropriate. Toller’s Law of Ex. 155, 163. The court therefore, having no power to decree in the matter, very properly overruled the application. Assuming, then, that the orders were such as might be appealed from, still there is no error, and the judgment must be affirmed.